INDIANAPOLIS, BLOOMINGTON AND WESTERN RAILWAY COMPANY

v.

THOMAS J. BUCKLES.

*Railroads—Killing of Stock—Verdict Sustained—Attorney Fees—Instruction—Practice.*

1.   Where the evidence in support of the verdict is sufficient, if believed, this court will not interfere.

2.   In an action to recover damages from a railroad company for killing a horse, reasonable attorney fees may be recovered for the second, as well as for the first trial, although the new trial was granted by consent of counsel for plaintiff.

3.   This court has no basis on which to make an order for an allowance of attorney fees to the appellee for services here, nor is there any convenient mode for its determination of such allowance, if the appellee is entitled thereto.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. F. Y. HAMILTON and C. W. FAIRBANKS, for appellant.

Mr. WILLIAM E. HUGHES, for appellee.

Where there is a positive conflict of evidence, and the facts and circumstances by any fair and reasonable intendment justify the inference of the jury, the verdict will not be disturbed upon appeal. McKichan v. McBean, 45 Ill. 228; Keith v. Fink, 47 Ill. 272; Creote v. Willey, 83 Ill. 444; Chapman v. Stewart, 63 Ill. 332; C., A. & St. L. R. R. Co. v. Stover, 63 Ill. 358.

WALL, J.   This was an action to recover damages for killing a horse which it was alleged got upon the track of the railroad through a defective fence.

There was a verdict for plaintiff for $200 and judgment thereon.   The point mainly urged by appellant is that the evidence did not support the verdict.   This was the second verdict for the plaintiff in the Circuit Court.   There was evidence enough, if believed by the jury, to justify their finding. The instructions given by the court fairly presented the law of the case and it is apparent that the attention of the jury was sufficiently called to the important questions of fact growing out of the evidence.   Counsel insist that sundry instructions given on behalf of the plaintiff should have been refused because there was not sufficient evidence on which to base them.   We can not take this view and the objection will be overruled.   It is objected the court refused the following instruction asked by defendant:

I., B. & W. R. Ry. Co. v. Buckles.

" The court instructs the jury that if you believe from the evidence that no claim was made for attorney's fees for trying this case before the Justice of the Peace, when the case was so tried, then you can not allow for the same in this court; and if you further believe that this case was tried before a jury in this court at the September term of court, and a verdict of $180 rendered against the defendant, and the plaintiff consented that a new trial be granted, then the additional labor of trying it at this term should not be considered in your verdict in allowing attorney's fees; you are further instructed that you can not allow any attorney's fees unless you believe from the evidence that the defendant is liable for killing the animal."

In this class of cases the statute authorized a recovery for the value of the animal and for " reasonable attorney fees in any court wherein suit is brought for such damages, or to which the same may be appealed."

There was no evidence as to the value of the legal services before the Justice of the Peace where the suit originated, and therefore so much of the instructions as referred to fees for those services was unimportant. It is not necessary to determine whether the point is well made in this respect, and as it is not discussed by counsel, we need give it no attention. The feature of the instruction which is argued, relates to the propriety of allowing attorney's fees for both trials in the Circuit Court. It appears that the motion for new trial made after the first verdict was agreed to by counsel for plaintiff and the new trial was therefore granted by consent. Now it is urged that no additional fee should be allowed for the second trial.

The statute allows reasonable attorney fees for obtaining the judgment. The defendant by obtaining a new trial gained another chance of defeating the claim altogether, or of reducing the amount. We do not see why the fact that the new trial was agreed to should affect the rights of the plaintiff unfavorably. We have no means of knowing the reasons why this consent was given, nor is there anything upon which to infer that the right to recover the fees has been waived or compromised by any unfair or improper conduct of the plaint-

iff or his counsel. So far as we are able to say upon this record the extra legal services are as properly allowable here as though they had been occasioned in the ordinary way. What amount would be reasonable, would depend upon, among other things, the labor made necessary by protracted or repeated trials and other delays. It is not so unusual for counsel to consent to a new trial as to raise any unfavorable inference, and it is not easy to see upon what ground the appellant, who asked for it, can complain of its direct consequence. It is suggested by counsel for appellee that in the event of an affirmance he wishes an allowance made in this court for his services here. Granting he may have an allowance for such services, we have no basis upon which to make the order nor is there any convenient mode by which we can try a mere question of fact (if the right to a jury is not involved or if it were waived) and the utmost we could do would be to make up an issue to be tried elsewhere. It is deemed better not to undertake this, but to leave the appellee to such course as he may be advised.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*